# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH CORWIN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | No. C16-3001-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I.　INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed by the Honorable Jon Stuart Scoles, then Chief United States Magistrate Judge. *See* Doc. No. 19. Judge Scoles recommends that I reverse the decision by the Commissioner of Social Security (the Commissioner) and remand this case pursuant to sentence four of 42 U.S.C. § 405(g). Neither party has objected to the R&R. The deadline for such objections has expired.

## II.　APPLICABLE STANDARDS

*A.　Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit

explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely

because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

3

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## III. THE R&R

Corwin applied for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* (Act) on December 28, 2012, alleging she became disabled on January 1, 2011,[1] due to left shoulder problems, cervical spine problems and mood disorders. After a hearing, an Administrative Law Judge (ALJ) applied the familiar five-step evaluation and found that Corwin was not disabled as defined in the Act. Corwin argues the ALJ erred in determining that she was not disabled because:

1. The ALJ failed to fully and fairly develop the record by not obtaining treatment records from Dr. Lorne Johnson, the consultative psychologist who also treated Corwin.

2. The ALJ's residual functional capacity (RFC) assessment was not supported by substantial medical evidence from a treating or examining source.

3. The ALJ's RFC assessment is flawed because the ALJ discounted Corwin's subjective allegations without identifying inconsistencies in the record as a whole.

*See* Doc. No. 13. Judge Scoles addressed each argument separately, beginning with Corwin's credibility, followed by Dr. Johnson's opinions and finally, the RFC assessment.

With regard to Corwin's credibility, Judge Scoles found that the ALJ's decision "lacks the required detail for discrediting a claimant and explaining the inconsistencies

---

[1] That onset date was amended to November 1, 2012, at the administrative hearing. *See* Doc. No. 9-2 at 75 (Administrative Record at 74).

between the claimant's subjective allegations and the record as a whole." Doc. No. 19 at 13. The ALJ's entire analysis of Corwin's credibility consisted of the following:

> After careful consideration of the evidence, the undersigned finds that [Corwin's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Corwin's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible for the reasons explained in this decision.

*Id.* at 12 (citing Administrative Record at 81-82). The ALJ went on to state that Corwin "experiences some symptoms and limitations; however, the record does not fully support the severity of [her] allegations." *Id.* (citing Administrative Record at 82). Judge Scoles noted the ALJ's decision "provides no reasons for discounting Corwin's testimony other than a single generic statement that the record does not support her allegations of pain and disability." *Id.* at 13. He found it lacked full consideration of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), or any of the *Polaski* factors. For these reasons, Judge Scoles recommends remand with instruction for the ALJ to further develop the record and to provide detailed reasons if the ALJ discounts Corwin's credibility. *Id.*

With regard to Dr. Johnson, Judge Scoles noted that the ALJ considered him to be a consultative examiner and that neither the ALJ, nor Corwin's attorney at the administrative hearing, was aware that he was also a treating source. *Id.* at 14. Corwin contends that the ALJ failed to fully and fairly develop the record by not obtaining Dr. Johnson's treatment records and neglecting to evaluate his opinion as a treating source opinion. Judge Scoles noted the ALJ gave only "limited weight" to Dr. Johnson's assessment of a GAF score of 47, finding only "partial" support for it in the record without further explanation. *Id.* at 15. The ALJ also gave "some weight" to Dr. Johnson's opinion that Corwin had difficulty with concentration and "no weight" to his opinion that she had impairments in social interaction and using good judgment. The ALJ reasoned, "[t]here is nothing in the consultative examination report that would suggest any limits at all in those areas. [Corwin] is able to respond to minimal changes

5

that would arise in simple and repetitive work." *Id.* at 15-16 (quoting Administrative Record at 81).

Judge Scoles found that while the ALJ thoroughly evaluated some aspects of Dr. Johnson's opinion, he failed to explain his reasoning for other aspects. *Id*. at 16. For instance, Dr. Johnson had opined Corwin "has a severe deficit in maintaining attention, concentration, and particularly pace," but the ALJ only gave these findings "some" weight without explaining why. Moreover, the ALJ completely failed to address certain other findings from Dr. Johnson's mental status examination of Corwin, which were consistent with Corwin's subjective allegations. For these reasons, Judge Scoles recommends that on remand, the ALJ should also fully address Dr. Johnson's opinions, especially with regard to Corwin's concentration and fatigue, which he gave "some" weight to without further explanation. Judge Scoles also recommends that the ALJ and Corwin's attorney should work to fully develop the record by obtaining any treatment records from Dr. Johnson. *Id*. at 17.

With regard to the RFC assessment, Judge Scoles concluded that because the ALJ did not fully and fairly develop the record with regard to Corwin's credibility and Dr. Johnson's opinions, the ALJ's RFC assessment is not based on all of the relevant evidence. He recommends that the ALJ should revisit the RFC determination after considering all of the relevant evidence on remand. *Id*. at 18-19.

## IV. DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Scoles applied the appropriate legal standards in concluding the ALJ failed to: (1) properly evaluate Corwin's subjective allegations, (2) fully and fairly develop the record and properly consider the opinions of Dr. Johnson and (3) conduct an RFC assessment based on all of the relevant evidence. Therefore, I find no error – clear or otherwise – in his recommendation. As such, I adopt the R&R in its entirety.

6

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Scoles' R&R (Doc. No. 19) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Scoles' recommendation:

   a. The Commissioner's determination that Corwin was not disabled is **reversed** and this matter is **remanded** to the Commissioner for further proceedings as discussed by Judge Scoles.

   b. Judgment shall enter in favor of Corwin and against the Commissioner.

   c. If Corwin wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**

**DATED** this 26th day of January, 2017.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE